

**SIGNED this 23 day of August, 2011.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.: 10-41621- JTL |
| SALLY TOLBERT, | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| _____ | ) | |
| | ) | |
| SALLY TOLBERT, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| SN SERVICING CORPORATION, | ) | |
| as agent for SNMLT 2004-2, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**Memorandum Opinion**

This matter comes before the Court on the debtor's objection to the claim of Security National Mortgage Loan Trust 2004-2, filed through its agent, SN Servicing Corporation. The Court heard oral arguments on August 16, 2011. At the conclusion of the hearing, the Court took the matter under advisement. The parties filed post-hearing letter briefs, which the Court considered. For the reasons set forth below, the Court overrules the debtor's objection.

**Background**

SN Servicing Corporation filed a claim in the amount of $9173.74, secured by a mortgage on the debtor's home. The debtor contends that the house note has been paid off. To show that the note has been paid off, the debtor first points the Court to the closed bankruptcy case of the note's co-signor, Annie Frazier, who received a discharge in case number 00-41623. The co-signor cured the mortgage arrears in her bankruptcy case, and the debtor argues that the effect of the arrearage cure under § 1322(b)(5) was to reinstate the note's original amortization schedule. According to the debtor, because the note has a stated final payment due date of July 2009, and because every payment that has come due since the co-signor's discharge has been paid, the note has necessarily been paid off.

SN Servicing argues that because the mortgage is a simple interest mortgage, the co-signor's cure did not reinstate the original amortization schedule. Under a simple interest note, interest accrues on the unpaid principal daily, and failure to pay on time results in an increase in interest owed rather than late charges. When a payment is late, more of that payment goes toward interest and less goes to principal. The later a payment

is, a progressively higher amount of the payment pays off the accrued interest and progressively less goes to amortize the principal balance. SN Servicing notes that the amount claimed for the house note in the co-signor's bankruptcy case is higher than the note's beginning balance ($19,805.47 versus $18,228.21) because of repeated late payments, which in turn caused a large increase in the amount of interest owed. Thus, according to SN Servicing, the co-signor's consummation of her Chapter 13 plan did not reinstate the original amortization schedule; a lone late payment during the course of a simple interest loan repayment effectively creates a new amortization schedule, and any other late payments do the same. SN Servicing also notes that the amount claimed in the co-signor's Chapter 13 was not objected to.

## Conclusions of Law

Bankruptcy Rule 3001(f) states, "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If a proof of claim complies with the Bankruptcy Rules, achieving prima facie validity, the burden of going forward with evidence contesting the claim lies with the objecting party. See, e.g., Pursley v. eCAST Settlement Corp. (In re Pursley), 451 B.R. 213, 226 (2011) (citing In re O'Brien, 440 B.R. 654, 659 (2010)). Here, the debtor does not dispute that the proof of claim is prima facie valid, and thus the debtor has the burden of going forward with evidence showing that the debtor owes nothing to SN Servicing. If the debtor is successful, the burden shifts to SN Servicing to prove its claim by a preponderance of the evidence. See, e.g., id. at 232.

The debtor does not dispute that the mortgage is a simple interest loan. The debtor also does not dispute that multiple late payments were made leading up to the co-signor's

bankruptcy. The parties stipulate that under a normal mortgage, the note would have been paid off. The debtor's only evidence is a legal argument that, regardless of the nature of the loan and regardless of the claimed amount in the co-signor's bankruptcy, the co-signor's completion of her Chapter 13 case returned the note's amortization schedule to its original time table. For this proposition, the debtor relies on Taddeo v. Taddeo (In re Tadeo, 685 F.2d 24 (2nd Cir. 1982), Terry v. Terry (In re Terry), 780 F.2d 894 (11th Cir. 1985), Florida Partners Corporation v. Southeast Company. (In re Southeast Company, 868 F.2d 335 (9th Cir. 1989), and a case purportedly from the U.S. District Court for the Eastern District of Louisiana. The Court could not locate the opinion from the citation given nor from its own search of the case through electronic databases.

The Taddeo and Terry cases stand for the same proposition: that the concept of "cure" under § 1322(b)(5) includes the power to de-accelerate a loan accelerated due to default. See In re Taddeo, 685 F.2d at 28; In re Terry, 780 F.2d at 896. Those cases are not authority for what the debtor argues—that the completion of the Chapter 13 plan reduces the balance of a simple interest loan to pre-late-payment amounts. The Southeast Company case is a Chapter 11 case discussing the meaning of "impairment" under § 1124 and is thus inapplicable.

Section 1322(b)(2) prohibits a Chapter 13 plan's modification of a claim secured by a security interest in real property that is the debtor's principle residence. Section 1322(b)(5) loosens the restriction somewhat by allowing for the curing of any default and the maintenance of payments while the case is pending, but the debtor has not introduced any evidence or offered any authority convincing the Court that subsection (b)(5) allows

for the reduction of the balance owed on a simple interest loan.[1] The Court thus finds that the debtor has not rebutted the proof of claim's presumption of prima facie validity.

## Conclusion

The Court will overrule the debtor's objection to claim. An order in accordance with this memorandum opinion will be entered.

---

[1] The Court notes that reducing a prepetition balance is likely the type of prohibition subsection (b)(2) envisions.